UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHILLING,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY LOREDO, et al.,<br><br>    Defendants. | Case No. 17-cv-04054-YGR (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIMS; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

### I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff also seeks appointment of counsel. *Id.* at 5.

His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at SQSP: California Prison Industry Authority ("CALPIA") Plant Manager Gary Loredo; CALPIA Supervisors Ron Glass, Luu Rogers, and Tomique McClure, as well as "John Does 1 through 5." Plaintiff seeks declaratory judgment and monetary damages.

### II. DISCUSSION

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Eighth Amendment Claim

Plaintiff claims that on May 2, 2015, while he was working in the furniture factory, his supervisor, Defendant Glass, directed him to clean certain areas of the facility. Dkt. 1 at 8. Plaintiff claims that while he was cleaning he came into contact with "a large amount of a white substance which every time it came into contact with a broom would crumble into a cloud of fine powdery dust surrounding [and] engulfing Plaintiff which [he] was forced to continuously breath without benefit of any safety protection or respiratory equipment." *Id.* Plaintiff claims that he "was informed that the white substance was asbestos material." *Id.* As a result, Plaintiff asserts that he has suffered health problems, including respiratory issues which could "possibly be caused by exposure to friable asbestos." *Id.* at 9. On April 12, 2016, Plaintiff filed a 602 inmate appeal for "personal injury" relating to the aforementioned incident. *Id.* at 10. On July 27, 2016, CALPIA Administrator Paul Miller interviewed Plaintiff and "granted in part" the 602 appeal, stating "there would be no retaliation against the Plaintiff for raising his complaint concerning asbestos in the facility." *Id.* Plaintiff claims that he pursued this appeal to the highest level of appeal that was available to him. *Id.* at 2. Liberally construed, Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference to the serious risk of harm from exposing him to asbestos against Defendant Glass and Defendant Loredo (the "acting plant manager"), and Defendant Rogers ("CALPIA Facility Safety Coordinator"), who failed to take reasonable steps to protect Plaintiff. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference).

### C. Retaliation Claim

Plaintiff alleges that on August 18, 2016, Defendant Glass and his "new work supervisor," Defendant McClure, met with him and served him with "a CDCR Form 101 (work supervisor's

2

report) which reflected grades not representing [his] true work ethics and history." Dkt. 1 at 10. Plaintiff adds that the report also "recommended a demotion of Plaintiff without just cause." *Id.* On September 20, 2016, Plaintiff claims that Defendant McClure directed Sergeant Lewis to "author[] a memorandum requesting Plaintiff be removed from his assigned job (of seventeen months) using [a] 'Limited Duty' medical chrono even though the limitations listed did not correspond correctly with any real medical limitations preventing the Plaintiff from working at the job he was assigned." Dkt. 1 at 10. Plaintiff states that the chrono was "not implemented based on [his] physician's actual diagnosis and work limitation request." *Id.* at 11. Plaintiff claims that the "removal of Plaintiff from his assigned job . . . was as a direct response by defendants to [his] reasonable complaints concerning asbestos contamination . . . [and that] [t]his removal was in direct contradiction to defendant's assertions that there would be no retaliation against Plaintiff for filing those complaints." *Id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). The right of access to the courts extends to the exercise of established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff alleges that Defendants Glass and McClure served him with a work supervisor's report that recommended his demotion "without just cause." Dkt. 1 at 10. Plaintiff further alleges that Defendant McClure was responsible for authorizing a memorandum that led to Plaintiff's removal from his assigned job. *Id.* Plaintiff claims that such actions were acts of retaliation after he used the inmate administrative grievance system to file a complaint concerning asbestos in the facility. Liberally construed, Plaintiff's appears to state a cognizable retaliation claim under section 1983 against Defendants Glass and McClure. *See Mulligan*, 835 F.3d at 988.

3

### D. Claims Against Doe Defendants

Plaintiff identifies "John Does 1 through 5" as "[California Department of Corrections and Rehabilitation] and/or CALPIA workers, supervisors, administrators, or others" whose names he intends to learn through discovery. Dkt. 1 at 7. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id*. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### E. Motion for Appointment of Counsel

As mentioned above, Plaintiff requests for appointment of counsel. Dkt. 1 at 5. His request is DENIED as premature. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.* The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim against Defendants Loredo, Glass, and Rogers.

2. Plaintiff also states a cognizable retaliation claim against Defendants Glass and McClure.

3. The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (dkt. 1) and all attachments thereto and a copy of this Order to: **CALPIA Plant Manager Gary Loredo as well as Supervisor Supervisors Ron Glass, Luu Rogers, and Tomique McClure.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the

1 request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than ninety **(90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*

*Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    8.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

    10.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. Plaintiff's motion for appointment of counsel is DENIED as premature. Dkt. 1 at 5.

IT IS SO ORDERED.

Dated: January 23, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge