| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | |
| DARRYL WAYNE SCHILLING,<br>    Plaintiff,<br>  v.<br>GARY LOREDO, et al.,<br>    Defendants. | Case No. 17-cv-04054-YGR (PR)<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OFFICIAL-CAPACITY CLAIMS FOR MONETARY DAMAGES AS BARRED BY ELEVENTH AMENDMENT** |

## I. INTRODUCTION

Plaintiff Darryl Wayne Schilling, a state prisoner incarcerated at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for the alleged violation of his constitutional rights by individuals who are employees of the California Prison Industry Authority ("CALPIA"), operating under the auspices of the California Department of Corrections and Rehabilitation. Specifically, Plaintiff claims that Defendants, who work at SQSP's furniture factory, were deliberately indifferent to his health and safety by knowingly exposing him to asbestos or rebuffing his concerns regarding asbestos exposure. Plaintiff also alleges that he was released from his assigned job at the furniture factory in retaliation for complaining about his asbestos exposure.

On January 23, 2018 the Court ordered service of the following cognizable claims: (1) an Eighth Amendment claim for deliberate indifference against CALPIA Plant Manager Gary Loredo as well as CALPIA Supervisors Ron Glass and Luu Rogers; and (2) a retaliation claim against CALPIA Supervisors Glass and Tomique McClure.

Before the Court is Defendants' motion to dismiss, in which they are arguing that Plaintiff's claims for monetary damages against them in their official capacities are barred under the Eleventh Amendment. Dkt. 17. This motion is fully briefed. *See* Dkts. 18, 19.

Also before the Court is Defendants' motion for summary judgment, which will be resolved in a separate written Order. *See* Dkt. 27.

For the reasons discussed below, the motion to dismiss is GRANTED.

## II. DISCUSSION

### A. Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

### B. Analysis

Defendants argue that Plaintiff's claims for monetary damages against them in their official capacites are barred by the Eleventh Amendment. Dkt. 17 at 4-5. In a document entitled, "Plaintiff's Objections to Defense Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)," Plaintiff "stipulates that [D]efendants [being] sued for monetary damages may be restricted by the Eleventh Amendment to liability for those damages under their individual capacity." Dkt. 18 at 1. Therefore, it seems that Plaintiff has no objection to Defendants' motion. However, in an abundance of caution, the Court will conduct the following analysis below.

The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) *abrogated on other grounds as noted in Lane v. Pena*, 518 U.S. 187, 198 (1996). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Eleventh Amendment immunity extends to suits against a state agency, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity), and to suits for damages against state officials sued in their official capacities, *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Therefore, because CALPIA is a state agency, its employees, who are the aforementioned Defendants, sued

2

in their official capacities are immune from suit for monetary damages.

Accordingly, Plaintiff's claims for monetary damages against Defendants in their official capacities, are DISMISSED as barred by the Eleventh Amendment.[1]  This dismissal is with prejudice because amendment would be futile.  As such, Defendants' motion to dismiss is GRANTED.  Dkt. 17.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is GRANTED.  Dkt. 17.  The Court DISMISSES with prejudice all of Plaintiff's official-capacity claims for monetary damages against Defendants.

2. The Court will resolve at a later time (and in a separate written Order) Defendants' motion for summary judgment as to the remaining claims.  *See* Dkt. 27.

3. This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated:

YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] Eleventh Amendment immunity does not bar Plaintiff's claims against Defendants sued in their individual capacities.  *See Graham*, 473 U.S. at 165-66.

3